IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCIO CELESTE LAINEZ RAUDALES,

         Petitioner,          ORDER

   v.

                    26-cv-598-wmc

TODD BLANCHE, Attorney General of the United States,
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
DAVID VENTURELLA, Acting Director of
Immigration and Customs Enforcement,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
DAREN K. MARGOLIN, Acting Director,
Executive Office for Immigration Review,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
DAVID EASTERWOOD, Director, St. Paul
Field Office, U.S. Immigration and Customs Enforcement,
MATT IZZARD, Sheriff of Douglas County,

         Respondents.

---

Petitioner Rocio Celeste Lainez Raudales is a Honduran citizen who entered the United States without inspection in 2019. On June 24, 2026, petitioner was arrested in Grand Forks, North Dakota, by Immigration and Customs Enforcement ("ICE") agents. Since then, she has been held at the Douglas County Jail in Superior, Wisconsin, pending removal proceedings in St. Paul, Minnesota. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the respondents are detaining her unlawfully without an opportunity for a bond hearing under 8 U.S.C. § 1225(b)(2)(A), which mandates detention for aliens who are "seeking admission." (Dkt. #1.) Petitioner contends instead that she is subject to the discretionary detention statute, 8 U.S.C. § 1226(a)(2), entitling her to a bond hearing, because § 1225(b)(2)(A) does not apply to non-citizens who entered without inspection and were later detained inside the country.

This court has previously held that detention of a noncitizen present in the United States for several years without being admitted or paroled is governed by the discretionary detention provision found in § 1226(a) and not the mandatory detention provision found in § 1225(b)(2)(A). *Quinapanta v. Bondi*, No. 25-cv-795-wmc, 2025 WL 3157867, at *7 (W.D. Wis. Nov. 12, 2025). Based on this precedent, the court issued an order asking the federal respondents to show cause why relief should not be granted.[1] (Dkt. #2.) While conceding that petitioner's case is not materially distinguishable from *Quinapanta*, the federal respondents argued that petitioner's detention is authorized by § 1225(b)(2)(A) because she qualifies as an "applicant for admission." (Dkt. #8, at 3.) After this response was filed, however, petitioner advised the court of supplemental authority from the Court of Appeals for the Seventh Circuit, which compels relief in her favor. (Dkt. #10.)

Specifically, in *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026), the Seventh Circuit joined the Second, Eleventh, Sixth, and Tenth Circuits in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Cirrus Rojas*, 2026 WL 2198315, at *1 n.1, *2. The Ninth Circuit has since reached the same conclusion.[2] *See Rodriguez Vasquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *10 (9th Cir. July 30, 2026) (concluding that § 1225(b)(2)(A) is best

---

[1] The federal respondents, who include Attorney General Todd Blanche, Department of Homeland Security Secretary Markwayne Mullin, Acting Director of ICE David Venturella, Acting Director of the Executive Office of Immigration Review Daren K. Margolin, and David Easterwood, who serves as Acting Director of the ICE Field Office in St. Paul.

[2] There is a circuit split, with the Fifth and Eighth Circuits having sided with the government's position that § 1225(b)(2)(A) applies to unadmitted aliens inside the country and requires detention without bond. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

construed as applying to aliens entering the United States at the border, while § 1226 is best understood as governing inadmissible and deportable aliens present in the interior of the United States).

The government concedes that *Cirrus Rojas* controls the outcome of this case and that petitioner's detention is lawful under 8 U.S.C. § 1226(a), but not under § 1225(b)(2). (Dkt. #11.) Thus, the government acknowledges that petitioner is eligible for a bond hearing in immigration court, where petitioner will have the burden to prove that detention is not necessary. (*Id*.) The court will therefore grant the petition for a writ of habeas corpus and will order that a bond hearing take place within 10 days of this order.

## ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Rocio Celeste Lainez Raudales (dkt. #1) is GRANTED.

2) Within **ten (10) days** of the date of this order, respondents shall afford petitioner a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

Entered this 11th day of August, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3